UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. TRAN,<br><br>　　　　　Defendants. | No. 2:20-cv-1714 WBS DB P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested the appointment of counsel. Plaintiff indicates he will soon be undergoing a stem cell transplant which will involve chemotherapy, hospitalization, and significant recovery time.

**I.　　Appointment of Counsel**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331

1

(9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

## II. Stay of this Case

Although the court will not appoint counsel at this time, plaintiff indicates he will be hospitalized for a month. He will undergo chemotherapy and spend significant time in the hospital and in recovery. Plaintiff may be unable to prosecute this case during treatment and recovery.

A court may, in its discretion, stay proceedings in a civil case in the interests of justice. See Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). Plaintiff's retaliation claim does not appear to be particularly time-sensitive. The undersigned finds good cause for a stay of this case and will recommend a stay. If this recommendation is adopted and this case is stayed, then plaintiff shall notify the court as soon as he is well enough to proceed.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for appointment of counsel (ECF No. 18) is denied without prejudice.

In addition, IT IS RECOMMENDED:

1. This case be stayed until lifted by further order of the court;

2. Plaintiff be ordered to notify the court as soon as he is well enough to proceed; and

3. Defendants, who have not yet appeared, be permitted to object to a stay of this case within the time allowed for their answer or other responsive pleading should they believe that grounds for a stay do not exist.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 30 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 6, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
crav1714.31.stay

3