UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANDRE RAMON CRAVER, | No. 2:20-cv-1714-WBS-DB-P |
| Plaintiff, | |
| v. | ORDER |
| T. TRAN, | |
| Defendant. | |

----oo0oo----

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 11, 2021, the Magistrate Judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within thirty days. Plaintiff has filed objections to the findings and recommendations.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis, except with regard to the sufficiency of plaintiff's Eighth Amendment claim.

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. (internal citations and quotations omitted.) Second the plaintiff must show that the defendant's response to the need was deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal citations omitted). However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. See id. (internal citations omitted.)

1        Here, the plaintiff has alleged that defendant Tran
refused to issue him his prescribed Tylenol for pain related to
his cancer diagnosis on March 8, 2020, despite his obvious need
for it and the extreme pain he was experiencing.  (See ECF No. 14
at 5-8.)  Plaintiff alleges that defendant Tran repeatedly told
him that she did not care that he was in pain and refused to
carry out the doctor's order that plaintiff be prescribed Tylenol
as needed.  (See id. at 8.)  The Magistrate Judge correctly
points out that plaintiff only alleges a single instance of being
denied pain medication, which ordinarily "militates against a
finding of deliberate indifference."  See Jett, 439 F.3d at 1096.

         However, a single instance of deliberate indifference
to a serious medical need is not in all cases insufficient to
support a claim under the Eighth Amendment.  For example, in
Clement v. Gomez, 298 F.3d 898, 902 (9th Cir. 2002), the Ninth
Circuit held that correctional officers could be liable for
deliberate indifference to serious medical needs for a single
instance where they knew that inmates had been exposed to pepper
spray but waited four hours before allowing them to leave their
cells to shower.  Accordingly, even though plaintiff alleges only
a single instance of being denied his pain medication, the court
finds that plaintiff has sufficiently stated a cognizable claim
for deliberate indifference to serious medical need to overcome
dismissal of that claim at the screening stage.

         Accordingly, IT IS HEREBY ORDERED:

         1. The findings and recommendations filed June 11,
2021, are adopted in part; and

         2. Plaintiff's claims for retaliation under the First

3

Amendment and deliberate indifference to serious medical needs under the Eighth Amendment may proceed as against defendant Tran. All other claims in plaintiff's complaint are dismissed without leave to amend.

Dated: July 8, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE