UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER, | No. 2:20-cv-01714 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| T. TRAN, | |
| Defendant. | |

Plaintiff, a state prisoner, proceeds pro se with a civil rights action under 42 U.S.C. § 1983. On April 25, 2022, plaintiff filed a motion to compel discovery under Federal Rule of Civil Procedure 37 and an accompanying motion for sanctions. (ECF Nos. 36, 37.) For the reasons set forth, the court will deny the motion to compel as moot and deny the motion for sanctions.

Plaintiff's first amended complaint alleges defendant denied him acetaminophen for pain, constituting deliberate indifference to his serious medical needs, and retaliated by issuing plaintiff a rules violation report after plaintiff indicated he would file a grievance. (ECF No. 14.) The motion to compel seeks to compel defendant to respond to three interrogatories and all of plaintiff's requests for admission, set two. (ECF No. 36.) Plaintiff argues defendant improperly objected and failed to respond adequately to the interrogatories. (Id. at 4-6.) Plaintiff states defendant failed to make any response to the requests for admissions, which were served in the same envelope as the interrogatories. (Id. at 6.)

1

In opposition to the motion to compel, defendant argues the issues raised are moot because defendant has served responses to the discovery requests. (ECF No. 38 at 2-3, 5.) Defense counsel's attached declaration states their office served responses to the requests for admissions, which had been initially overlooked inadvertently, were served on April 19, 2022. (Id. at 7-9.) Amended responses to the interrogatories were served on May 6, 2022. (Id. at 8.)

Plaintiff indicates in reply that he received defendant's responses to the requests for admissions eight days late. (ECF No. 41 at 2, 6.) Plaintiff does not set forth any prejudice resulting from receiving these responses eight days late, and no prejudice is apparent. Discovery closed on April 29, 2022, and the dispositive motion deadline is July 22, 2022. (ECF No. 35.) In this instance, the court will permit the late responses to the requests for admissions. See Fed. R. Civ. P. 36(a)(3) ("A shorter or longer time for responding may be… be ordered by the court.).

Plaintiff does not address defendant's amended interrogatory responses. Plaintiff does not indicate the responses were inadequate. Thus, the court deems the motion to compel resolved as to those requests.

Plaintiff's motion for sanctions requests $1,000 in monetary sanctions "for discovery violations." (ECF No. 37 at 1.) Defendant's amended interrogatory responses were served shortly after defendant learned from the motion to compel that plaintiff was unsatisfied with the initial responses.[1] (ECF No. 38 at 5.) In addition, responses to the requests for admission were served shortly after plaintiff raised the issue at his deposition. (Id. at 9.) Plaintiff does not indicate the sum requested represents actual expenses reasonably incurred due to the issues underlying the discovery dispute. The motion for sanctions will be denied.

////

////

////

---

[1] The parties dispute whether plaintiff attempted to meet and confer at his deposition prior to filing the motion to compel. The dispute is immaterial since the underlying issues have become moot.

1    For the reasons set forth, IT IS ORDERED that plaintiff's motion to compel (ECF No. 36) is DENIED as moot, and plaintiff's motion for sanctions (ECF No. 37) is also DENIED.

Dated:  June 20, 2022

DLB7.crav1714.mtc

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE