1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11

12   ANDRE RAMON CRAVER,                 No. 2:20-cv-01714 WBS DB P

13                  Plaintiff,

14        v.                             ORDER

15   T. TRAN,

16                  Defendant.

17

18                            ----oo0oo----

19        Plaintiff, a state prisoner proceeding pro se, has

20   filed this civil rights action seeking relief under 42 U.S.C. §

21   1983.  The matter was referred to a United States Magistrate

22   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23        On January 12, 2023, the Magistrate Judge filed

24   findings and recommendations herein which were served on all

25   parties, and which contained notice to all parties that any

26   objections to the findings and recommendations were to be filed

27   within thirty days.  Both plaintiff and defendant have filed

28   objections to the findings and recommendations.

                                   1

1          In accordance with the provisions of 28 U.S.C. §

2   636(b)(1)(C) and Local Rule 304, this court has conducted a de

3   novo review of this case.  Having carefully reviewed the entire

4   file, the court finds the findings and recommendations to be

5   supported by the record and by proper analysis.  Specifically,

6   the court agrees with the Magistrate Judge's determinations with

7   respect to the Eighth Amendment claim that, among other things,

8   (1) defendant's refusal to provide plaintiff with his medication

9   outside the morning or afternoon distribution time was consistent

10  with the doctor's written prescription; (2) defendant's refusal

11  to do so on a single instance was not deliberate difference; and

12  (3) there is no evidence that a substantial risk of serious harm

13  would result if plaintiff did not receive his medication outside

14  the prescribed time frame.  Accordingly, the court will grant

15  summary judgment on plaintiff's Eighth Amendment Claim.

16          Similarly, the court agrees with the Magistrate Judge's

17  determination that summary judgment should be denied as to

18  plaintiff's retaliation claim.  Here, defendant claims that

19  plaintiff acted abusively towards him.  Assuming this is true,

20  issuing a Rules Violation Report would be appropriate.  However,

21  plaintiff has presented evidence in the form of his own statement

22  that he did not act abusively and that defendant's Rules

23  Violation Report claiming he did was false. While defendant did

24  not submit a separate sworn declaration, he denied being verbally

25  abusive in his opposition and included at the end of the

26  opposition a declaration sworn under penalty of perjury stating

27  that all his statements made in the opposition were true and

28  correct.  (Docket No. 44 at 39, 55.)

1          Unfortunately, no witnesses have substantiated either

2     account.[1]  The court cannot determine on summary judgment which

3     account is more credible and thus cannot determine whether

4     defendant's Rules Violation Report was appropriate.  Based on

5     this dispute as to the parties' conduct, summary judgment on the

6     retaliation claim will be denied.

7               Accordingly, IT IS HEREBY ORDERED that:

8               1.   The parties' objections are OVERRULED;

9               2.   The findings and recommendations filed January 12,

10    2023, are ADOPTED IN FULL; and

11              3.   Tran's motion for summary judgment (Docket No. 43)

12    is GRANTED IN PART, to the extent that judgment shall be entered

13    in Tran's favor on the claim under the Eighth Amendment, and the

14    motion is DENIED in all other respects.

15    Dated: February 16, 2023

      WILLIAM B. SHUBB
16    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25         [1]    The court notes that plaintiff was eventually found
      guilty of a rules violation (see Docket No. 44 at 159).
26    Nevertheless, the court is unaware of any written or oral
      decision setting forth the reasoning for such a determination,
27    and defendant provides no authority setting forth what weight, if
      any, should be given to such a determination.
28

                                   3